UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                                           Case No. 06-20491

v.

                                                           Hon. John Corbett O'Meara

ANDRE VAN,

     Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR  JUDGMENT NOTWITHSTANDING
THE VERDICT OR FOR A NEW TRIAL**

     Before the court is Defendant's motion for judgment notwithstanding the verdict or for a

new trial, which was filed December 27, 2006.  The government submitted a response on

February 12, 2007.

     After a jury trial, Defendant Andre Van was convicted of six drug and firearm offenses,

including: Distribution of Heroin and Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1)

(Count 1); Possession of a Firearm in furtherance of a Drug Trafficking Crime, in violation of 18

U.S.C. § 924(c) (Count 2); Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts

3, 4, and 5); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count

6).  Defendant contends that the jury's verdict with respect to Counts 1 and 2 were against the

great weight of the evidence and should be overturned.

     Essentially, Defendant argues that the government did not prove that he actually

distributed drugs on October 13, 2005 (Count I), but at most the evidence only supported an

aiding and abetting charge.  Defendant also argues that the government did not prove that he

actually possessed a "firearm" on October 13, 2005, and that the indictment was defective

because it did not identify the specific firearm Defendant allegedly possessed.

## LAW AND ANALYSIS

Defendant seeks a judgment of acquittal pursuant to Fed. R. Crim. P. 29(a) or a new trial

pursuant to Fed. R. Crim. P. 33.  A court may enter a judgment of acquittal if "the evidence is

insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  In analyzing a motion for acquittal,

> this court does not "weigh the evidence or ... determine the
> credibility of the witnesses."  Rather, the burden of this court is to
> evaluate whether, viewed in a light most favorable to the
> government, there is sufficient evidence for any rational trier of
> fact to have found the essential elements of a crime beyond a
> reasonable doubt.  This court "will reverse a judgment for
> insufficiency of evidence only if this judgment is not supported by
> substantial and competent evidence upon the record as a whole,
> and . . . this rule applies whether the evidence is direct or wholly
> circumstantial."

United States v. Turner, 995 F.2d 1357, 1362 (6th Cir. 1993) (citations omitted).

Rule 33 provides that the court may grant a new trial to the defendant "if the interest of

justice so requires." Fed. R. Crim. P. 33.  "The defendant bears the burden of proving the need

for a new trial and such motions should be granted sparingly and with caution."  Id. at 1364.

> A reversal based on the verdict being against the manifest weight
> of the evidence is proper when the government has presented
> sufficient evidence to convict, but the judge disagrees with the
> jury's resolution of conflicting evidence.  When considering a
> motion for new trial based upon the weight of the evidence, district
> judges can act in the role of a "thirteenth juror" and consider the
> credibility of the witnesses and the weight of the evidence to
> insure that there is not a miscarriage of justice.

United States v. Lutz, 154 F.3d 581, 589 (6th Cir. 1998).

The evidence is sufficient to support the jury's verdict with respect to Counts 1 and 2. For Count 1, distribution of crack cocaine and heroin in violation of 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt that the defendant knowingly and intentionally distributed the drugs. At trial, the government demonstrated that Defendant distributed heroin and crack cocaine to an undercover ATF agent, Special Agent Yott. Although Defendant argues that he did not actually hand the drugs to Agent Yott, it is clear from Yott's testimony that Defendant exercised control over the drug transaction. See TR 12/19/06 at 17-28. Agent Yott contacted Defendant on his cell phone and arranged to go to Defendant' s house to purchase drugs. Id. at 17. When Yott arrived, Defendant opened the door and allowed Yott to enter. Id. at 21-22. There was another individual seated on a couch in front of a coffee table. Id. On the table were numerous packets of heroin and crack cocaine as well as a blue steel, snub-nosed, .38 caliber revolver. Id. at 22. Yott told Defendant that he wanted "two packets of raw and two stones." Id. In response, Defendant directed the individual on the couch – with a hand gesture – to give Yott the drugs. Id. at 23; TR 12/20/06 at 15-16. After Yott received the drugs, he handed Defendant $60. TR 12/19/06 at 24. Defendant returned $5 to Agent Yott, stating that "the raw were two for 35." Id.

Defendant contends that the evidence, at most, supports an aiding and abetting charge, not distribution, because there was no testimony that Defendant physically handled the drugs. The law does not support Defendant's argument, however. "Although distribution may involve the actual or constructive possession of a controlled substance, 'distribution' includes other acts perpetrated in furtherance of a transfer or sale, such as arranging or supervising the delivery, or

negotiating for or receiving the purchase price.  Thus, it is possible to commit the 'distribution' element of the crime without possessing the drugs themselves."  United States v. Colon, 268 F.3d 367, 377 (6th Cir. 2001).  See also United States v. Waller, 503 F.2d 1014 (7th Cir. 1974) (defendant's conviction for drug distribution upheld where she directed her daughter to physically provide the drugs to an agent).

In this case, the evidence demonstrated that Defendant had control of the drug transaction involving Agent Yott on October 13, 2005, and that he "distributed" the narcotics.  The court finds that neither a judgment of acquittal nor a new trial are warranted on Count 1.

With respect to Count 2, Defendant argues that there is insufficient evidence to prove that Defendant possessed a firearm in furtherance of a drug trafficking crime.  Specifically, Defendant argues that there is insufficient evidence that the alleged firearm was in fact a "firearm" under federal law.  Defendant contends that the agent "did not testify that the alleged firearms seen on October 13, 2005 could or were designed to or could readily be converted to expel a projectile by the action of an explosive." Def.'s Br. at 3.

Agent Yott did testify that he observed a .38 caliber, snub-nosed, blue steel revolver with a brown handle lying on a coffee table in Defendant's home on October 13, 2005.  TR 12/19/06 at 22, 25.  Agent Yott also testified that he saw the same gun tucked in Defendant's waistband during subsequent drug sales on October 14, 18, and 19, 2005.  Id. at 33-34, 42, 49.  Detroit Police Officer Mark Amos testified that he arrested Defendant as a result of an unrelated traffic stop on October 25, 2005.  At that time, Officer Amos saw a .38 caliber, snub-nosed, blue steel revolver lying under the driver's seat of Defendant's car.  TR 12/20/06 at 39.  The revolver was admitted into evidence as Government Exhibit 17.  Id. at 40.  When Agent Yott was shown this

exhibit, he testified that it appeared "to be the exact same pistol that was seen on the coffee table with the drugs on the 13th, also the same gun in the waistband of the Defendant on the 14th, as well as on the 18th at the party store, as well as on the 19th in the passenger compartment of my government vehicle." TR 12/20/06 at 16.

With respect to the same revolver, ATF Special Agent Greg Lotoczky testified that he received the gun from the Detroit Police Department.  TR 12/20/06 at 93.  Agent Lotoczky testified that he test fired the revolver and confirmed that it functioned properly. Id. at 94.

The evidence at trial was sufficient to sustain Defendant's conviction on Count 2.  The testimony of the law enforcement officers demonstrated that Defendant possessed the same firearm on October 13, 2005, that was recovered when Defendant was arrested on October 25.  That firearm was tested and functioned properly.  Accordingly, neither a judgment of acquittal nor a new trial are warranted on Count 2.

Defendant further argues that there was a constructive amendment of the indictment or that the indictment was defective because Count 2 did not specify the type of firearm used.  Agent Yott testified that he observed both a shotgun and a revolver in Defendant's home on October 13, 2005.  There was no constructive amendment and the indictment was not defective, however, because the "the specific type of firearm used or possessed by the conspirator is not an essential element of the crime." United States v. Robison, 904 F.2d 365, 369 (6th Cir. 1990) (no constructive amendment where the type of firearm alleged in the indictment was different from that proved at trial).  Defendant's argument in this respect is not well taken.

## ORDER

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant's

December 27, 2006 motion for judgment notwithstanding the verdict or for a new trial is

DENIED.


                                    s/John Corbett O'Meara
                                    United States District Judge


Dated:  March 7, 2007




I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 7, 2007, by electronic or ordinary mail.


                                    s/William Barkholz
                                    Case Manager

-6-