UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANDRE VAN,

    Defendant.
_____/

Case No. 06-20491
Hon. Mark A. Goldsmith

**OPINION**
**SETTING FORTH THE REASONS FOR DENYING DEFENDANT ANDRE VAN'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 65)**

The Court denied Defendant Andre Van's motion for compassionate release on October 27, 2020 (Dkt. 79). The Court is entering this Opinion to set forth its findings and analysis in support of that order.

A jury found Van guilty of multiple drug and weapons charges. See Judgement (Dkt. 25). The Court sentenced him to 30 years' imprisonment on February 21, 2008. Id. Van has a projected release date of November 6, 2033. Van sought compassionate release under the First Step Act because of the dangers posed by COVID-19. For the reasons that follow, the Court denied Van's motion.

### I.    LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, ---F.3d---, 2020 WL 6268582, at *3 (6th Cir. Oct. 26, 2020). Under 18

U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D). "Beyond the extraordinary-and-compelling-reasons requirement, this policy statement also requires a district court to find that 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" Ruffin, 2020 WL 6268582, at *4 (quoting U.S.S.G. 1B1.13(2)-(3)).

## II.     ANALYSIS

The Government conceded that Van's medical conditions place him at a heightened risk for the more severe symptoms of COVID-19. Resp. at 21 (Dkt. 71). Therefore, it did not dispute that Van's medical conditions are extraordinary and compelling reasons justifying his early release under the Sentencing Guidelines. However, it argued that Van remained a danger to the community, which prohibited his release under the Sentencing Guidelines and the § 3553(a) factors. The Court agreed.

Before granting a sentence reduction under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses and the history and characteristics of the defendant, the seriousness of the offenses, the need to protect the public from further crimes by the defendant, and the need to promote respect for the law.  And the Court must consider whether the defendant is a danger to "the safety of any other person or to the community."  18 U.S.C. § 3142(g).

Van remains a danger to the community.  The Government provided a detailed account of Van's criminal history:

> He was first convicted in 1976, when he was 17 years old, of assault with intent to rob and steal while armed.  (PSR, ¶ 31).  Not long after being discharged from probation, he was convicted in 1980 of unlawful driving away an automobile.  (PSR, ¶ 30).  In 1984, Van was convicted of attempt carrying a concealed weapon, for which he received a sentence of 6 months' jail and 3 years' probation.  (PSR, ¶ 35).  His adjustment to probation was poor in that he failed to pay restitution and failed to report as directed.  (Id.).  From late 1984 to 1992, he received three more felony convictions for uttering and publishing, receiving and concealing stolen property, and fleeing police. (PSR, ¶¶ 37-43).  In the receiving and concealing case, Van violated his parole multiple times.  (PSR, ¶ 40).  In 2001, Van was convicted of delivery of a controlled substance.  (PSR, ¶ 44).  After serving his sentence and being released on parole, Van absconded repeatedly.  (PSR, ¶ 46).  In 2004, Van was convicted of attempt delivery of a controlled substance.  (PSR, ¶ 47).  He violated his probation after ultimately being discharged without improvement.  (PSR, ¶ 48).  Just five months after he was discharged, he was arrested for the armed drug dealing offenses in this case.

Resp. at 23-24.

Van argues that some of his convictions occurred "before his brain was fully-developed," and the rest involved conduct transpiring more that fifteen years ago.  Reply at 6 (Dkt. 73).  Van's argument is unavailing considering that he has spent nearly half of his adult life on probation or in custody.  Additionally, his repeated parole violations and his history for absconding suggests that he will not comply with supervised release conditions.  Finally, releasing Van thirteen years before the end of his sentence would not promote respect for the law.

The § 3553(a) factors did not favor Van's release, and his release would not be consistent with the Sentencing Guidelines' restriction on releasing defendants who pose a threat to the community.

### III. CONCLUSION

For the reasons stated above, the Court denied Van's motion for compassionate release (Dkt. 65).

Dated: November 18, 2020  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge